Bradford D. Conover
Conover Law Offices
Attorneys for Plaintiff
75 Rockefeller Plaza (20th Floor)
New York, NY  10019

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 14 2008   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MICHELANGE SAINNOVAL,

                              Plaintiff,

  -against-

CFM ADVISORS, INC., COMPREHENSIVE
FINANCIAL MANAGEMENT, a/ka CFM,
COMPREHENSIVE CONSULTING GROUP, a/k/a
CCG, COMPREHENSIVE BENEFITS, a/k/a CB,
LOUIS RUSSO, JOHN ROMANO, VICTOR MATERA
and TONY WARD

                      Defendants.

------------------------------------------------------------------------x



Case No. 08 - 4615

**FEUERSTEIN, J.**

**ORENSTEIN, M.J.**

## COMPLAINT

Plaintiff, Michelange Sainnoval, by her attorneys, Conover Law Offices, for her

complaint against Defendants, CFM Advisors, Inc., Comprehensive Financial Management, a/k/a

CFM, Comprehensive Consulting Group, a/k/a CCG, Comprehensive Benefits, a/k/a CB, Louis

Russo, John Romano, Victor Matera, and Tony Ward (collectively "defendants") respectfully

alleges as follows:

## NATURE OF ACTION

1.      This is an action for damages against defendants for gender discrimination,

pregnancy discrimination, disability discrimination and retaliation in violation of the Civil Rights

Act of 1964, 42  U.S.C. §2000(e) *et seq.*, as amended in 1972 and 1991 ("Title VII"); the

Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, ("ADA"); the New York

State Executive Law § 296 et seq., and for violations of the Family Medical Leave Act

("FMLA"), 29 U.S.C. §2615.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court over this controversy is invoked pursuant to 28

U.S.C. § 1343; 29 U.S.C. § 2617; and 42 U.S.C. §§ 2000(e) - 5(f) and (g).  The Court's pendent

jurisdiction is invoked for the claims arising under state statutory and common law.

3.      Venue in this Court is proper in that defendants maintain offices in this District.

## ADMINISTRATIVE PROCEEDINGS

4.      On or about September 7, 2007, more than 180 days ago, plaintiff filed a timely

charge against defendants, CFM Advisors, Inc., and Comprehensive Consulting Group a/k/a

CCG, alleging gender, pregnancy and disability discrimination and retaliation with the Equal

Employment Opportunity Commission (hereafter "EEOC").

5.      On or about November 6, 2007, plaintiff filed a timely amended charge against

defendants, CFM Advisors, Inc., Comprehensive Benefits a/k/a CB, and Comprehensive

Consulting Group a/k/a CCG, alleging gender, pregnancy and disability discrimination and

retaliation with the EEOC.

6.      On or about July 30, 2008, the EEOC found probable cause on plaintiff's EEOC

charge, as amended, finding that there was "reasonable cause to believe that Respondent engaged

in employment discrimination by promoting a working environment in which terms, conditions

and privileges of employment are discriminatory toward charging party, by reducing her work

hours and subsequently discharging her after she complained of pregnancy discrimination in

2

retaliation as well as based on articulated stereotypical beliefs about pregnant employees."

7.    A Notice of Right-to-Sue Letter from the EEOC, dated November 5, 2008, was received by the plaintiff within the last 90 days, a copy of which is annexed as Exhibit A.

## PARTIES

8.    Plaintiff, MICHELANGE SAINNOVAL, ("Sainnoval"or "plaintiff"), is a female citizen of the United States and, at all times relevant, resides and resided in the County of Suffolk and State of New York and was an "employee" as defined by the Title VII, ADA and FMLA.

9.    At all times relevant, defendant, CFM Advisors, Inc. ("CFM Advisors"), is and was a domestic corporation with a principal place of business located at 1800 Walt Whitman Rd., Melville, New York 11747.

10.   At all times relevant, defendant, Comprehensive Financial Management, a/k/a CFM ("CFM"), is and was a domestic corporation with a principal place of business located at 1800 Walt Whitman Rd., Melville, New York 11747.

11.   At all times relevant, defendant, Comprehensive Benefits, a/k/a CB ("CB"), is and was a domestic corporation with a principal place of business located at 1800 Walt Whitman Rd., Melville, New York 11747.

12.   At all times relevant, defendant, Comprehensive Consulting Group, a/k/a CCG ("CCG"), is and was a domestic corporation with a principal place of business located at 1800 Walt Whitman Rd., Melville, New York 11747.

13.   At all times relevant, CFM Advisors, CFM, and CB are and were wholly owned subsidiaries of CCG.

14.   At all relevant times, CFM Advisors, CFM, CB and CCG (collectively the

3

"Company") were plaintiff's integrated employer in that they shared common management, interrelated operations, a centralized control of labor relations, and common ownership and financial control.

15.     At all relevant times, CFM Advisors, CFM, CB and CCG formed the Company and were plaintiff's joint employers.

16.     At all relevant times, the Company employed more than 50 employees and was an "employer" as defined by the Title VII, ADA and FMLA.

17.     At all times relevant, defendant, Louis Russo ("Russo"), resides and resided in the State of New York, was employed as President and exercised financial control and/or ownership over the Company.

18.     At all times relevant, defendant, John Romano ("Romano"), resides and resided in the State of New York and was employed as Director of Compliance of the Company.

19.     At all times relevant, defendant, Victor Matera ("Matera"), resides and resided in the State of New York and was employed as an officer of the Company.

20.     At all times relevant, defendant, Tony Ward ("Ward"), resides and resided in the State of New York and was employed as General Counsel of the Company

## FACTS

21.     On or about March 2006, Sainnoval was employed by the Company as an Administrative Assistant.

22.     Sainnoval's job performance was always satisfactory or better, and plaintiff was frequently complimented on her job performance by her supervisors.

23.     On or about November 2006, Sainnoval received a raise in recognition of her

good job performance.

24.     On or about May 2007, Sainnoval advised her supervisor, defendant, Romano, Director of Compliance, that she was pregnant, and that her baby was due in November 2007.

25.     On or about May 2007, Sainnoval advised Romano that she planned on taking the full 12 weeks maternity leave as permitted by the Company's uniform personnel policy and as recommended by her doctor.

26.     Romano declined to approve Sainnoval's request for pregnancy leave and advised Sainnoval that the Company expected her to take only three or four weeks leave.

27.     On or about June 2007, when Sainnoval again advised Romano of her intentions to take a full 12 weeks pregnancy leave, Romano advised her that Russo, the President of the Company, expected that she would take only four weeks leave.

28.     On or about July 23, 2007, Sainnoval received an email from Romano advising that her hours and salary had been cut in half "due to budgetary reasons."

29.     On or about August 10, 2007, Sainnoval responded to the July 23rd email advising Romano that she was unaware of any "budgetary reasons" that would warrant a reduction in her salary and voiced her concern that the Company's actions were discriminatory based on her pregnancy and anticipated maternity leave.

30.     On or about August 10th through 20th, 2007, Sainnoval suffered increased hostility from her supervisors and, on August 20th, became dizzy and faint due to high blood pressure resulting from the stress and was hospitalized overnight.

31.     Shortly after her return to work from the hospital, on or about August 28, 2007, Romano and Ward, the Company's in- house General Counsel, called Sainnoval into a meeting

and advised her that her job would be terminated by the end of the week after she had trained Romano as to her job functions.

32.     The only explanation offered was that Matera, identified as the "owner" of CFM, Advisors, believed that Sainnoval should "part with CFM."

33.     On August 30, 2007, Sainnoval again was called into a meeting with Romano and Ward and was advised that she would not be permitted to leave the room until she signed a "waiver" giving up her right to sue the Company.

34.     Ward advised Sainnoval that Russo would not like it if she did not sign.

35.     Russo then joined the meeting and asked that Sainnoval to sign the waiver and, when Sainnoval picked up the waiver to review it, Ward took the waiver out of Sainnoval's hands and refused to let her read it until she first agreed to sign.

36.     At the meeting, as Ward, Romano, and Russo refused to clarify Sainnoval's employment status, Sainnoval stated that as she would not sign the waiver and presumed, based on their prior advice, that she was still employed, to which Russo responded, "I guess so."

37.     On or about September 13, 2007, Sainnoval filed an EEOC charge against the Company alleging discrimination on the basis of her gender, pregnancy, and disability and retaliation.

38.     Within two weeks of filing the Charge, on October 2, 2007, Sainnoval was called into a meeting with Romano and Ward and advised that if she took maternity leave, commencing November 5, 2007, after her approved vacation commencing October 29th, that October 29th would be her "last day," and she "would not be coming back" to the Company.

39.     In an October 2, 2007 email to Romano and Ward, Sainnoval asked that they

6

confirm in writing their statement at the meeting that she would be on October 29th if she took maternity leave.

40.    Romano and Ward responded to Sainnoval by email the same day falsely asserting that *she* had informed them that she "would not be returning," advising her that she would not be afforded any pregnancy leave, and that "CFM Advisors will be eliminating your position when you leave."

41.    By email dated October 15, 2007, Sainnoval requested that Romano and Ward further clarify the status of her employment and request for leave, but I received no response.

42.    On or about October 20, 2007, Sainnoval, eight months pregnant, became ill from an infection and was taken to the hospital emergency room.

43.    On or about October 20, 2007, Sainnoval's obstetrician, Richard Roberts, M.D., directed immediate bed rest for the course of her pregnancy until her due date in mid November 2007.

44.    On or about October 22, 2007, Sainnoval provided Romano and Ward with a note from her obstetrician confirming that she was under an obstetrician's care and that, because of her pregnancy and medical complications, she was to immediately "stop" work.

45.    Sainnoval received no response from the Company concerning her request for immediate medical leave.

46.    The Company refused to approve Sainnoval's request for medical and/or pregnancy leave and effectively terminated Sainnoval's employment on October 26, 2007.

47.    Defendants' "job elimination" explanation for Sainnoval's termination is a pretext for discrimination and retaliation.

7

48.      Upon information and belief, Sainnoval's position was not being "eliminated," and defendants were interviewing candidates to replace her before her termination.

49.      Upon information and belief, male employees of the Company, in contrast to Sainnoval, were routinely afforded medical leave.

50.      Defendants actions in cutting Sainnoval's salary and hours in July 2007; denying her maternity leave, denying her medical leave, subjecting her to a hostile work environment; repeatedly trying to force her resignation and waiver of rights; and terminating her employment. were discriminatory based on her pregnancy, gender, and disability and were in retaliation, all in violation of the Pregnancy Discrimination Act, Title VII; the Americans with Disabilities Act; and the New York State Executive Law §296.

51.      Defendants' actions in denying Sainnoval family medical leave and failing to advise her of her family medical leave rights were in violation of the FMLA.

52.      At all times relevant, Sainnoval suffered from a physical impairment that substantially limited one or more of her major life activities, and/or she was regarded by defendants as having such an impairment.

53.      As a result of the above violations, Sainnoval has suffered, and continues to suffer, a loss of salary and has suffered, and continues to suffer, extreme emotional distress.

54.      Each of the individual defendants Russo, Romano, Matera, and Ward participated in the discriminatory conduct; approved the termination of Sainnoval's employment; and/or occupied supervisory positions with the power over Sainnoval to do more than carry out personnel decisions made by others.

55.      During the period of plaintiff's employment, defendants willfully condoned and

8

encouraged a policy and practice of discriminating against plaintiff on the basis of her gender,

pregnancy, and disability; willfully subjected plaintiff to a hostile work environment; willfully

failed to provide plaintiff with an adequate means of complaint and redress; willfully failed to

provide plaintiff with notice of her rights to take family medical leave; willfully retaliated against

plaintiff for asserting her rights and terminated plaintiff in willful violation of Title VII, the ADA

and FMLA.

    56.    Defendants' conduct as set forth above was motivated by evil motive or intent, or

involved reckless or callous indifference to the federally protected rights of others.

### FIRST CLAIM FOR RELIEF
### AGAINST CFM ADVISORS, INC., COMPREHENSIVE
### FINANCIAL MANAGEMENT, a/ka CFM,
### COMPREHENSIVE CONSULTING GROUP, a/k/a
### CCG, COMPREHENSIVE BENEFITS, a/k/a CB, TITLE VII

    57.    Plaintiff repeats and re-alleges the allegations in paragraphs 1- 56 as if fully set

forth herein.

    58.    By reason of the foregoing, plaintiff, because of her gender, sex and pregnancy,

was denied terms and conditions of employment; was subject to a hostile environment; was

subject to retaliation; and was terminated discharged by CFM Advisors, Inc., Comprehensive

Financial Management, a/ka CFM, Comprehensive Consulting Group, A/k/a CCG,

Comprehensive Benefits, a/k/a CB, in violation of Title VII.

    59.    As a result of defendants' willful, knowing and intentional discrimination,

plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary

losses and has suffered and continues to suffer humiliation, mental and physical distress and

anguish.

9

## SECOND CLAIM FOR RELIEF
## AGAINST CFM ADVISORS, INC., COMPREHENSIVE
## FINANCIAL MANAGEMENT, a/ka CFM,
## COMPREHENSIVE CONSULTING GROUP, a/k/a
## CCG, COMPREHENSIVE BENEFITS, a/k/a CB, ADA

60.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 59 as if fully set forth herein.

61.     By reason of the foregoing, plaintiff, because of her disability, was discriminated against, subjected to a hostile environment and terminated by defendants, CFM Advisors, Inc., Comprehensive Financial Management, a/ka CFM, Comprehensive Consulting Group, A/k/a CCG, Comprehensive Benefits, a/k/a CB, in violation of the ADA.

62.     As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS, EXECUTIVE LAW § 296

63.     Plaintiff repeats and re-alleges the allegations in paragraphs 1- 62 as if fully set forth herein.

64.     By reason of the foregoing, plaintiff, because of her gender, pregnancy, and disability was denied terms and conditions of employment; was subject to a hostile environment; was subject to retaliation; and was terminated by the defendants in violation of Executive Law § 296.

65.     Individual defendants, Russo, Romano, Matera, and Ward, participated in the discrimination; had the power to make personnel decisions; and aided and abetted the

10

discrimination in violation of Executive Law § 296 et seq.

66.    As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## FOURTH CLAIM FOR RELIEF
## AGAINST CFM  ADVISORS, INC., COMPREHENSIVE
## FINANCIAL MANAGEMENT, a/ka CFM,
## COMPREHENSIVE CONSULTING GROUP, a/k/a
## CCG, COMPREHENSIVE BENEFITS, a/k/a CB, FMLA

67.    Plaintiff repeats and re-alleges the allegations in paragraphs 1- 66 as if fully set forth herein.

68.    By reason of the foregoing, defendants, CFM Advisors, Inc., Comprehensive Financial Management, a/ka CFM, Comprehensive Consulting Group, A/k/a CCG, Comprehensive Benefits, a/k/a CB, failed to adequately apprise plaintiff of her rights under the FMLA; refused to grant plaintiff leave on account of her pregnancy and related medical condition; and terminated plaintiff for exercising her rights under the FMLA all in violation of the FMLA.

69.    As a result of defendants' willful, knowing and intentional discrimination, plaintiff sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## FIFTH CLAIM FOR RELIEF AGAINST
## ALL DEFENDANTS, INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

70.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-69 as if fully set forth herein.

71.     Defendants' conduct, as described above, was extreme, outrageous and was beyond the bounds of human decency and was solely motivated by an intention to harm plaintiff.

72.     Defendants' conduct as described above, was wonton and reckless manifesting a conscious disregard for the rights of plaintiff.

73.     As a result thereof, plaintiff has suffered, and continues to suffer, extreme humiliation, embarrassment, and mental and physical distress and anguish.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment In plaintiff's favor and against defendants:

A.      On the first claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

B.      On the second claim for relief, for lost earnings and compensatory damages for emotional distress  and punitive damages in amounts to be determined by the trier of fact plus attorneys fees costs and interest.

C.      On the third claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus costs and interest.

D.      On the fourth claim for relief, for lost earnings, compensatory damages for

emotional distress, and punitive damages in amounts to be determined by the trier of fact plus attorneys fees, costs and interest.

      E.     On the fifth claim for relief, for lost earnings, compensatory damages for emotional distress, and punitive damages in amounts to be determined by the trier of fact plus costs and interest.

      F.     On all claims for relief, injunctive and equitable relief including reinstatement and such other, further and different relief as the Court may deem just and equitable.

**PLAINTIFF HEREBY DEMANDS TRIAL
BY JURY ON ALL CLAIMS FOR RELIEF**

Dated:  New York, New York
         November 12, 2008

                             CONOVER LAW OFFICES
                             Attorneys for Plaintiff

                             By:      /s
                                 Bradford D. Conover
                                 A Member of the Firm
                                 75 Rockefeller Plaza (20th Fl.)
                                 New York, NY  10019
                                 (212) 588-9080

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Mr. Bradford D. Conover, Esq.
Conover Law Offices
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

Re.:   EEOC Charge No.: 520-2007-04437
        Sainnoval v. CFM Advisors, Inc., et al.

Dear Mr. Conover:

The Commission determined that there was reasonable cause to believe that your client was discriminated against because of her sex-gender (pregnancy) and retaliated against for making complaints of discrimination. The Commission also invited both parties to pursue a resolution of the charge through conciliation. Based on the information provided by both parties the Commission has determined that any further efforts to conciliate this charge as required by statute will be unsuccessful. Therefore, no further efforts to conciliate the charge will be made.

The Commission has also determined that it will not bring a lawsuit against the above named Respondent. The issuance of the enclosed Notice of Right to Sue under Title VII of the Civil Rights Act of 1964, as amended concluded the processing of your charge by the Commission. If you decide to sue, you must file a lawsuit in Federal District Court **within 90 days** of receipt of this letter and Notice of Right to Sue.

On Behalf of the Commission

Spencer H. Lewis, Jr.
District Director

**NOV 0 5 2008**

Date

enc.

cc: Ms. Michelange Sainnoval

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | |
|---|---|
| To:   **Michelange Sainnoval**<br>**13 Lexington Avenue**<br>**Brentwood, NY 11717** | From:   **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-04437** | **Jessica Z. Maiman,**<br>**Investigator** | **(212) 336-3680** |

#### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.,**
**Director**

*11/5/08*
*(Date Mailed)*

cc:   **CFM ADVISORS INC.**
**c/o: Tony Ward –In-House Counsel**
**1800 Walt Whitman Road, Suite 120**
**Melville, NY 11747**

**c/o: Kerry Dineen, Esq.**
**Nixon Peabody, LLP**
**50 Jericho Quandrangle, Suite 300**
**Jericho, NY 11753**

**Bradford D. Conover, Esq.**
**75 Rockefeller Plaza, 20th Floor**
**New York, NY 10019**

Enclosure with EEOC
Form 161 (2/08)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*